U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 29 2016

TONY R. MOORE, CLERK
BY: _____
      DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH ROBERTS, Plaintiff | CIVIL ACTION NO. 1:16-CV-512; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| RIVER CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Kenneth Roberts (#386858), filed on April 11, 2016. (Doc. 1). Plaintiff was granted leave to proceed *in forma papueris* on May 4, 2016. (Doc. 11). On May 15, 2016, Plaintiff was ordered to amend his complaint, and the amended complaint was filed on June 13, 2016. (Docs. 12, 13).

Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rayburn Correctional Center in Angie, Louisiana. Plaintiff complains that he was denied adequate medical care when he was incarcerated at River Correctional Center ("RCC") in Ferriday, Louisiana. He names as defendants RCC and Sheriff Kenneth Hendrick.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Factual Allegations

Plaintiff alleges that, on August 1, 2014, he submitted a sick call due to pain in his abdomen and right side. (Doc. 8, p. 5). The physician ordered that testing be conducted at Riverland Hospital. Plaintiff was transported to Riverland Hospital on August 18, 2014, where an ultrasound was performed. He went back to Riverland Hospital on August 19, 2014, for blood and urine testing. (Doc. 8, p. 5). Plaintiff alleges that he was misdiagnosed during the ultrasound at the hospital. (Doc. 13, p. 2).

Because Plaintiff continued to experience pain after he was returned to RCC, the prison doctor prescribed an anti-gas pill. The doctor confirmed that the test results from the hospital were normal, and he advised that Plaintiff continue taking the anti-gas medication. (Doc. 8, p. 5; Doc. 13, p. 2).

Plaintiff alleges that he made "repeated sick calls," some of which were answered and some were not. Plaintiff alleges that, on an unspecified date, he was diagnosed by the physician at River Correctional Center with ulcers and provided Prilosec. (Doc. 13, p. 2).

On April 9, 2015, Plaintiff was transported to Riverland Hospital for a CT scan. Plaintiff was informed that he had a large mass in either his colon (Doc. 8, p. 5) or on his intestine (Doc. 13, p. 2) and a ruptured appendix. Plaintiff was then transported to Rapides Medical Center in Alexandria, where surgery was performed on April 10, 2015. (Doc. 8). Plaintiff alleges that part of his large intestine was removed. (Doc. 8,

2

p. 5). Plaintiff argues that his appendix should have been removed when he first complained of pain in August 2014. (Doc. 13, p. 2).

In his original complaint, Plaintiff also complains that, when he was discharged from the hospital, he was placed in a lockdown cell, where he remained housed for 11 days without seeing a nurse and without access to a shower. He also complains that he was only served beans for lunch and dinner during those 11 days. (Doc. 8). On May 11, 2015, Plaintiff was transported to the hospital due to an infection. (Doc. 8, p. 6). Plaintiff concludes that the infection was caused by the nurse's failure to provide him with antibiotics that were prescribed following the operation. (Doc. 8, p. 6). Plaintiff omits these claims in his amended complaint.

## Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Medical care claims of convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on

such claims, a plaintiff must establish that the defendant prison officials knew of, and then disregarded, an excessive risk to the plaintiff's health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. Wilson v. Seiter, 501 U.S. 294 (1991).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985)). Negligence, neglect, or medical malpractice do not constitute deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. and Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff alleges that the doctor was negligent in failing to remove his appendix in 2014. However, negligence does not establish a constitutional claim. See id. Additionally, Plaintiff's allegations do not indicate that the doctor at RCC acted with deliberate indifference. The facts alleged to not show that the RCC doctor refused to treat Plaintiff, ignored his complaints, or intentionally treat him incorrectly. Plaintiff was transported to the hospital on three occasions for testing. The test results from the hospital were normal, and the physician at RCC relied on those test results.

When Plaintiff complained of pain in April 2015, he was transported to the hospital where a CT scan revealed a ruptured appendix that required surgery. (Doc. 13, p. 2). Although Plaintiff alleges that his appendix should have been removed in 2014, hospital testing did not indicate the need for an appendectomy at that time. Plaintiff has not shown any RCC official intentionally treated him incorrectly. Plaintiff's allegations about what treatment should have been performed in 2014 are conclusory.

Plaintiff also alleges that the RCC nurse failed to administer his prescribed antibiotics. (Doc. 8, p. 7). Plaintiff does not allege that the nurse refused to provide him with medication. Rather, he alleges that the nurse acted negligently. Additionally, although Plaintiff complains that he did not see the nurse from April 17, 2015, to April 28, 2015, he does not allege that he ever requested any medical treatment during that time period. Plaintiff has not stated a constitutional claim against the nurse. He has alleged negligence, which does not rise to the level of a § 1983 violation.

In his initial complaint, Plaintiff alleges that, after surgery, he was not allowed to shower for 11 days. Plaintiff does not state the name of any individual who allegedly deprived him of a shower. However, he does provide that his abdomen contained 40 staples, thereby making his ability to shower highly unlikely. (Doc. 8, p. 6). Plaintiff disagrees with the post-operative procedures at RCC, but a disagreement with treatment does not support a claim of deliberate indifference. See Banuelos v.

McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Finally, Plaintiff complains that he was served beans for lunch and dinner for the 11 days after surgery. Plaintiff's allegation that this was not a proper diet for someone who underwent intestinal surgery is conclusory. A civil rights plaintiff may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

Plaintiff's allegations and argument are based on medical malpractice and negligence, which cannot state a claim under § 1983.

### River Correctional Center and Kenneth Hedrick

Plaintiff names as defendants RCC and Sheriff Kenneth Hedrick. To the extent that Plaintiff seeks to hold Sheriff Hedrick liable for the actions of the medical staff at RCC, his claim fails. Supervisory officials are not vicariously liable for their employees' actions. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Plaintiff has alleged neither on the part of Sheriff Hedrick.

Likewise, Plaintiff cannot state a claim against RCC. Although RCC is a juridical person capable of being sued, Plaintiff seeks to hold this entity liable under § 1983 for the acts or omissions of its employees. Just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Plaintiff's complaint is devoid of any allegations that an official policy or custom of RCC was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights.

## Conclusion

For the foregoing reasons, Plaintiff fails to state a claim against RCC or Sheriff Hedrick. Additionally, because allegations of negligence are insufficient to state a claim under § 1983, he fails to state a claim against the unidentified doctor and nurse at RCC. Therefore, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 29 day of June, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge